UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE TRAUMA CENTER
1234 Mass Ave NW
Washington DC 20005

Plaintiff

        v.                        Civil Action No. 25-cv-

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT
500 12th Street SW
Washington DC 20536

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a Freedom of Information Act [FOIA] case. Defendant has failed to respond to seven requests from Plaintiff.

## JURISDICTION

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

3. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391.

## PARTIES

4a. Plaintiff Louise Trauma Center is a nonprofit organization that helps asylum applicants, focusing on women who have suffered gender-based violence, such as female genital mutilation (FGM), rape, domestic violence, and forced marriage. We publish materials given to

1

asylum officers, such as country conditions. We offer suggestions on how to make your asylum case stronger. We are a non-profit organization. We charge no fees; we sell nothing. We rely on pro bono lawyers to help us.

4b. Plaintiff secured a reversal and remand in *Louise Trauma Center v USCIS,* No. 24-123, ___ F. 4th.___, 2025 WL 2348711, *5  (4th Cir. Aug. 14, 2025)(To accept the arguments of the agency "would defeat the very purpose of FOIA. FOIA is grounded in the fundamental principle of public access to Government documents. The statute provides a mechanism to obtain official information long shielded from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." [cleaned up].

5. Plaintiff has made FOIA requests in the past, and will continue to do so in the future.

6. Defendant is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

## FACTS

7. On June 28, 2021, defendant received this request from plaintiff:

Louise Trauma Center hereby requests a copy of all records sent from the Office of Principal Legal Adviser to OPLA attorneys who work at 1901 S. Bell Street, Arlington VA
"Records" includes, but is not limited to, emails, attachments to emails; guidance, policy documents, training materials, procedures manuals, admin staff manuals, instruction, power points, and hand-outs.  Dates: 6/28/21 to the date you begin to search

8a. ICE assigned "2022-ICFO-09489" to the request.

8b. The plaintiff sent a clarification to ICE on May 13, 2022.

9. Via email on August 11, 2022, ICE stated that the request was "In Process."

10. Since that time, the defendant has done nothing concerning this request.

2

= = = = = = = = =

11. On August 10, 2021, defendant received this request from plaintiff:

Louise Trauma Center hereby requests a copy of all records sent from DPLA for Enforcement and Litigation to OPLA attorneys who work in Immigration Law and Practice Division
"Records" includes, but is not limited to, emails, attachments to emails; guidance, policy documents, training materials, procedures manuals, admin staff manuals, instruction, power points, and hand-outs. Dates: 7/2/21 to the date you begin to search

12. Defendant requested clarification via email on 4-25-22; Plaintiff responded via email a few hours later, that same day.

13. Defendant requested further clarification via email on 5-18-25; plaintiff provided clarification via email on 5-26-22.

14. Since that time, the defendant has done nothing concerning this request.

= = = = = = = = ==

15. On August 9, 2021, defendant received this request from plaintiff:

Louise Trauma Center hereby requests a copy of all records concerning training given by the Office of Principal Legal Adviser to attorneys who work at OPLA, Arlington VA
"Records" includes, but is not limited to, emails, policy documents, training materials, guidance documents, procedures manuals, admin staff manuals, instruction, power points, and
Hand-outs.  Dates: June 1, 2021 to the date you begin to search

16a. Defendant assigned this tracking number to the request: 2022-ICFO-13619.

16b. Defendant sent a letter dated May 2, 2022 to plaintiff. That letter states: "Your request for a fee waiver has been granted."

17. On May 4, 2022 the defendant sent two emails to plaintiff, stating that the request was too broad. The plaintiff revised its request.

18. Via a letter dated August 19, 2022, the defendant released 54 pages.

19. Plaintiff filed an administrative appeal, arguing that the released records concerned individuals arrested in New York, which were not responsive to the request. Defendant assigned 2022-ICAP-00976 to the appeal.

3

20. Via a letter dated September 12, 2022, the defendant remanded the appeal for a new search to be done.

21. Since that time, the defendant has done nothing concerning this request.

= = = = = = = =

22. On September 1, 2022, defendant received this request from plaintiff:

Headquarters Interpretations and Guidance published by the Immigration Law and Practice Division that are provided to new Assistant Chief Counsels who litigate or prepare immigration cases before the Immigration Court and Board of Appeals. This includes, but is not limited to, any related agency memorandum, policy documents, and all materials used to provide litigations guidance.  Dates: Fiscal Year 2022

23. Defendant assigned this tracking number to the request: 2022-ICFO-28356.

24. Defendant sent an email on 9-26-22 to plaintiff. That email states that your request is In Process."

25. Since that time, the defendant has done nothing concerning this request.

= = =

26. On June 8, 2022, defendant received this request from plaintiff:

Records, emails, and guidance sent from the Chief Counsel at 31 Hopkins Plaza, Baltimore, MD to the OPLA lawyers who work there Dates: Fiscal Year 2022, Second Quarter

27. Defendant assigned this tracking number to the request:  2022-ICFO-20130.

28. Defendant requested clarification; plaintiff sent it, via an email on 3-20-23.

29. Since that time, the defendant has done nothing concerning this request.

= = = =

30. On April 27, 2022, defendant received this request from plaintiff:

Louise Trauma Center requests: the latest version of the new attorney packet in the Arlington Sharepoint Site, or elsewhere, in the training folder, or elsewhere, for attorneys who work at OPLA Arlington, VA, Dates: April 1, 2022 to the date you begin to search.

4

31. Defendant assigned this tracking number to the request: 2022-ICFO-17274.

32. Defendant emailed plaintiff on 7-31-25, asking if plaintiff was still interested. The plaintiff said it was.

33. Since that time, the defendant has done nothing concerning this request.

= = = =

34. On May 27, 2022, defendant received this request from plaintiff:

Louise Trauma Center requests: records, emails, and guidance sent from the Deputy Principal Legal Advisor for Field Legal Operations to the field office at 1901 South Bell Street, Arlington VA Dates: Fiscal Year 2022, second quarter

35. Defendant assigned this tracking number to the request: 2022-ICFO-18832.

36. Defendant emailed plaintiff on 7-31-25, asking if plaintiff was still interested. The plaintiff said it was.

37. Since that time, the defendant has done nothing concerning this request.

== = = = =

**FIRST CAUSE OF ACTION [remand request ending in 9489]**

**[OPLA to S. Bell Street]**

38. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

39. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

5

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ( c);

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

40. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

41. Defendant is still in violation of the FOIA. It is still in violation of  5 U.S.C. § 552(a).

42. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

43. Plaintiff has exhausted all necessary administrative remedies.

**SECOND CAUSE OF ACTION concerning request with no number**

**[DPLA to OPLA August 10, 2021]**

44. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

45. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5(c);

i] to provide any of the records to the requester.

46. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

47. Defendant still in violation of the FOIA. It is still in violation of  5 U.S.C. § 552(a).

48. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

49. Plaintiff has exhausted all necessary administrative remedies.

**THIRD CAUSE OF ACTION request ending in 13619  [OPLA to Arlington]**

50. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

51. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

52. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

53. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

54. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

55. Plaintiff has exhausted all necessary administrative remedies.

**FOURTH CAUSE OF ACTION [request ending in 28356]**

**[Headquarters Interpretations and Guidance]**

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

57. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

9

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

58. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

59. Defendant is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

60. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

61. Plaintiff has exhausted all necessary administrative remedies.

**FIFTH CAUSE OF ACTION [ request ending in 20130]**

**[Chief Counsel at Baltimore to lawyers]**

62. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

63. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

10

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

64. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

65. Defendant is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

66. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

67. Plaintiff has exhausted all necessary administrative remedies.

**SIXTH CAUSE OF ACTION [ request ending in 17274]**

**[new attorney packet in Arlington Sharepoint Site]**

68. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

69. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

70. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

71. Defendant is still in violation of the FOIA. It is still in violation of  5 U.S.C. § 552(a).

72. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

73. Plaintiff has exhausted all necessary administrative remedies.

**SEVENTH CAUSE OF ACTION [ request ending in 18832]**

**[DPLA to South Bell Street]**

74. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

75. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

76. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

77. Defendant is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

78. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

79. Plaintiff has exhausted all necessary administrative remedies.

## PRAYER FOR RELIEF

80. WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

a. Order defendant to promptly disclose all of the requested records;
b. Declare that defendant's inaction and actions violate the FOIA;
c. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E); and
d. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
Maryland Bar # 13559 DC Bar # 424209
Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005-4033
[202] 812-8684   <1949.david@gmail.com>